UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY ANN COLOMB | CIVIL ACTION NO. 07-2171 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRETT GRAYSON, ET AL. | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 24) filed by two of the defendants, Brett Grayson ("Grayson") and Jerry Stutes ("Stutes"). Grayson and Stutes seek dismissal of the instant action pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(m), and 12(b)(6). See id. Specifically, they seek dismissal on the grounds of ineffective service of process; untimely service of process; and failure to state a claim upon which relief can be granted as to certain federal and state law claims. See id. The plaintiff, Mary Ann Colomb ("Colomb"), has opposed the Motion to Dismiss. See Record Documents 28 & 37. For the reasons which follow, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND.**

In April 2004, a federal grand jury returned a second superseding indictment charging Colomb with conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute, establishment of manufacturing operations, and possession of a firearm in furtherance of a drug trafficking crime. See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 531 at 1-2). On March 31, 2006, after a ten day trial, Colomb was found guilty of conspiracy to possess

with intent to distribute cocaine base, possession of cocaine base with intent to distribute, and establishment of manufacturing operations. See id. at 5; Record Document 19, ¶ 4. As a result, Colomb was incarcerated for three and one-half months. See Record Document 19, ¶ 5.

During the trial, the government received a letter from a federal inmate alleging that one of the government's witnesses offered to sell him "some pictures of some people who was going to trail *[sic]*" for the sum of $2,200. See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 531 at 7). Upon court order, the government disclosed the letter to all defense counsel. See id. (Record Document 531 at 8). Colomb filed a motion for mistrial, arguing that allowing the trial to proceed with the cross-contamination of inmate witness testimony would violate her constitutional rights to a fair trial, adequate assistance of counsel in the cross examination of witnesses against her, and due process. See id. (Record Document 531 at 8). The motion for mistrial was denied. See id. (Record Document 531 at 8).

On August 31, 2006, Judge Melancon granted Colomb's motion for new trial, which had been filed in April 2006. See id. (Record Document 531). His ruling noted that "the crux of the defenses focused on the unreliability of inmate witness testimony." Id. (Record Document 531 at 6). He further reasoned that the court had erred when it denied Colomb's motion for mistrial and that if the jury had known of the existence of the letter, it is possible that all or some of the defendants would have been acquitted. See id. (Record Document 531 at 11-12). The Government did not retry Colomb and the charges contained in the second superseding indictment against Colomb were

dismissed with prejudice. See id. (Record Document 558).

Colomb filed the instant lawsuit on December 16, 2007. See Record Document 1. She amended her complaint on June 20, 2008 and again on October 24, 2008. See Record Documents 19 & 56. She contends that the defendants[1] knowingly and intentionally manufactured a false drug case against her by fabricating witness testimony, using falsified evidence to maliciously prosecute her, inventing evidence through manipulation of witnesses, abusing the grand jury and trial process, and presenting fraudulently created evidence to obtain a conviction. See Record Document 56, ¶ 2. Colomb alleges deprivation of constitutional rights and malicious prosecution and seeks relief under 42 U.S.C. § 1983, Bivens, and Louisiana state law. See id., §§ 17-19.[2]

## II. LAW AND ANALYSIS.

### A. Service of Process.

Federal Rule of Civil Procedure 12(b)(5) provides in pertinent part:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

---

[1]The named defendants include Stutes, a Drug Enforcement Administration Task Force Agent; Acadia Parish Sheriff's Office Narcotics Task Force Detective Brian Hundley; Acadia Parish Sheriff's Office Detective Dale Thibodeaux; Acadia Parish Police Department Detective Troy Hebert; Grayson, an Assistant United States Attorney; Chief of Police K.P. Gibson of the Crowley Police Department; and Sheriff Wayne Melancon of the Acadia Parish Sheriff's Office. See Record Document 56, ¶¶ 1, 9.

[2]In her two previous complaints, Colomb sought relief under the Federal Tort Claims Act and 42 U.S.C. §§ 1985 and 1986. See Record Document 1 & 19. In her Second Amended Complaint, Colomb no longer refers to the FTCA, Section 1985, or Section 1986 as a basis for relief. See Record Document 56.

(5) insufficient service of process.

F.R.C.P. 12(b)(5). Here, Grayson and Stutes argue that Colomb has failed to serve them in accordance with Rule 4(i)(2) and (3). See Record Document 24. Their argument based on Rule 4(i)(2), which relates to service on a United States officer or employee sued only in an official capacity, is **moot** because Colomb conceded in her supplemental opposition that she did not intend to sue Grayson and Stutes in their official capacity and that such allegations were inadvertent errors on her part. See Record Document 37 at 2.

The Court now moves to Rule 4(i)(3), which relates to service on a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf. See F.R.C.P. 4(i)(3). Rule 4(i)(3) requires that a party serve the United States *and* the officer or employee. Pursuant to Rule 4(i)(1), to serve the United States, a party must:

(A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and]

(B) send a of each by registered or certified mail to the Attorney General of the United States at Washington , D.C.

F.R.C.P. 4(i)(1)(A-B).

Here, Grayson and Stutes concede that "[Colomb] has established that she served defendant Grayson in his individual capacity." Record Document 24-2 at 5;

Record Document 11 (4/11/08 Return of Service). Such service was timely, as it was perfected within 120 days after the original complaint was filed. Likewise, in the reply memorandum, Grayson and Stutes stated:

> Since the filing of the instant Motion to Dismiss, defendant Jerry Stutes has been personally served.

Record Document 35 at 2. The record establishes that both Grayson and Stutes were served individually; yet, the August 4, 2008 service upon Stutes was not timely pursuant to Rule 4(m).[3]

The Court must now analyze whether there was service upon the United States. The record does not show that a copy of the summons and complaint were delivered to the United States attorney for the district where the action is brought or to an assistant United States attorney[4] or clerical employee whom the United States attorney designates in a writing filed with the court clerk. See F.R.C.P. 4(i)(1)(A)(i). There is also no indication that a copy of the summons and complaint were sent by registered or certified mail to the civil-process clerk at the United States attorney's office. See

---

[3]In their reply brief, Grayson and Stutes further noted that "absent from [Colomb's] Opposition Memorandum is an explanation as to why no attempt has been made to effect service of process of her Amended Complaint." Record Document 35 at 2-3. They observed that "the record [was] void of any evidence that [Colomb] requested summons for the Amended Complaint." Id. at 3. Since the filing of the reply memorandum, Colomb has effected service of process of her Amended Complaint (June 20, 2008) and Second Amended Complaint (October 24, 2008) on both Grayson and Stutes. See Record Document 44 (8/8/08 Proof of Service as to Brett Grayson); Record Document 46 (9/18/08 Proof of Service as to Jerry Stutes); Record Document 57 (10/28/08 Proof of Service as to Brett Grayson); Record Document 58 (10/28/08 Proof of Service as to Jerry Stutes).

[4]Grayson, an assistant United States attorney, was served personally, but there is no evidence that he is "an assistant United States attorney . . . whom the United States attorney designates in a writing filed with the court clerk." F.R.C.P. 4(i)(1)(A)(i).

F.R.C.P. 4(i)(1)(A)(ii). A copy of the summons and complaint were sent to the following:

> *Jerry Stutes, DEA Task Force Agent*
> *through the Attorney General of the United States*
> 950 Pennsylvania Avenue, N.W.
> Washington , DC 20530-0001
>
> *Brett Grayson, Assistant United States Attorney*
> *through the Attorney General of the United States*
> 950 Pennsylvania Avenue, N.W.
> Washington , DC 20530-0001

Record Document 12 & 13 (emphasis added); see also F.R.C.P. 4(i)(1)(B).

The record reveals insufficient service of process on the United States. There was no service of process on the United States Attorney for the Western District of Louisiana. Moreover, while there was service of process "through the Attorney General of the United States," a copy of the summons and complaint were not sent by registered or certified mail to Michael Mukasey, the Attorney General of the United States at the time this case was filed.[5]

Notwithstanding, the Court finds that these insufficiencies in service of process do not warrant dismissal, as the Court has discretion under both Rule 4(i)(4) and Rule 4(m) to allow Colomb to cure these deficiencies. Rule 4(i)(4) provides that the court must allow a party such as Colomb a reasonable time to cure her failure to properly serve the United States, as she has served Grayson and Stutes, the United States officers or employees. See F.R.C.P. 4(i)(4)(B). Rule 4(m) provides that if service of the summons and complaint is not made within 120 days after the filing of the complaint:

> [T]he court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that

---

[5] Eric H. Holder, Jr. is the current Attorney General of the United States.

> service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

F.R.C.P. 4(m). This rule has been interpreted to broaden a district court's discretion from that afforded by former Rule 4(j) and allow the court to extend the time for service even when a plaintiff fails to show good cause. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If good cause is present, the district court *must* extend the time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. See id.; see also Henderson v. U.S., 517 U.S. 654, 658, 116 S.Ct. 1638, 1641 n. 5 (1996) (noting that the 1993 amendments accorded discretion to the courts to enlarge the 120-day period "even if there is no good cause shown.").

What amounts to good cause under any particular set of circumstances is fact-sensitive. See Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996). Regardless of whether the facts of this case give rise to good cause, the undersigned finds that the fair and reasonable exercise of discretions calls for the Court to not only excuse the untimely individual service of process upon Stutes, but also (1) to extend the time for service upon the United States Attorney for the Western District of Louisiana for an appropriate period; and (2) to allow a reasonable time for Colomb to cure her failure to properly serve the Attorney General of the United States. Accordingly, the Motion to Dismiss pursuant to Rule 12(b)(5) and 4(m) is **denied**. No later than **April 13, 2009**, Colomb shall serve the United States Attorney for the Western District of Louisiana in accordance with Rule 4(i)(1)(A)(i) or (ii). By that same date, she shall send a copy of the summons and of the complaint/amended complaints by registered or certified mail

to Eric H. Holder, Jr., the Attorney General of the United States, as required by Rule 4(i)(1)(C).

### B. Failure to State a Claim Upon Which Relief Can Be Granted.

Rule 12(b)(6) provides in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (6) failure to state a claim upon which relief can be granted.

F.R.C.P. 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

Grayson is an Assistant United States Attorney and Stutes is a Drug Enforcement Administration Task Force Agent, thus they are "federal defendants." See Record Document 24-2 at 7-8. In the Motion to Dismiss, they argue that federal officers acting under color of federal law are not subject to suit under 42 U.S.C. § 1983. The Court agrees, as Section 1983 "only provides redress for actions taken under color of state law," not actions "taken pursuant to federal law by federal agents." Zernial v. U.S.,

714 F.2d 431, 435 (5th Cir. 1983).

Notwithstanding, after the briefing on the Motion to Dismiss was completed on September 19, 2008, Colomb filed an *unopposed* Motion for Leave of Court to File Amended/Corrected Pleading. See Record Document 52. The Court granted the motion on October 24, 2008 and the Second Amended Complaint was filed on that same date. See Record Documents 55 & 56. The Second Amended Complaint sets forth Section 1983 claims against the state actors and a Bivens[6] action against Grayson and Stutes, the federal defendants. Thus, the Motion to Dismiss filed by Grayson and Stutes arguing that they are not subject to suit under Section 1983 is **moot** because Colomb amended her complaint, without opposition, to reflect that she proceeding against Grayson and Stutes pursuant to Bivens.

Grayson and Stutes also argue that Colomb's claims pursuant to 42 U.S.C. § 1985 should be dismissed because she has failed to allege that she was the victim of a conspiracy motivated by racial animus. See Deubert v. Gulf Federal Sav. Bank, 820 F.2d 754, 757 (5th Cir. 1987) ("Furthermore, it is well-established in this circuit that the only conspiracies actionable under [S]ection 1985(3) are those motivated by racial animus."). Likewise, Grayson and Stutes contend that her 42 U.S.C. § 1986 claims should be dismissed because "Section 1986 applies only where there is a Section 1985

---

[6]An action brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) ("a Bivens action") is the federal counterpart of Section 1983. See Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 n. 14 (5th Cir. 1993). A Bivens action "extends the protections afforded by [Section] 1983 to parties injured by federal actors not liable under [Section] 1983." Id.

violation." Record Document 24-2 at 9, citing Galloway v. State of La., 817 F.2d 1154, 1159 n. 2 (5th Cir. 1987).

In opposing the Motion to Dismiss, Colomb did not respond to the contention that she failed to state a claim for relief under Sections 1985 and/or 1986. Moreover, there is no reference to Sections 1985 or 1986 in her Second Amended Complaint. While a review of her complaint reveals a conspiracy allegation,[7] there is no averment that any such conspiracy was motivated by racial animus. Accordingly, the Motion to Dismiss is **granted** as to any claims asserted by Colomb pursuant to Sections 1985 or Section 1986.

Finally, Grayson and Stutes argue that Colomb fails to state a claim for relief against them under the Federal Tort Claims Act ("FTCA") or Louisiana state tort law. In her opposition, Colomb conceded that "the 'FTCA' is not relevant in this case because the claims at issue are intentional tort claims against individuals and not the [f]ederal government." Record Document 28 at 8. Moreover, in her Second Amended Complaint, Colomb fails to reference the FTCA. Accordingly, the Motion to Dismiss is **granted** as to any claims asserted by Colomb pursuant to the FTCA, as the record establishes that she has abandoned any such claims.

In her Second Amended Complaint, Colomb continues to assert a ***state law*** malicious prosecution claim against Stutes.[8] See Record Document 56, ¶ 18. As stated

---

[7]"Defendants, acting in concert, knowingly and intentionally manufactured a false drug case against Plaintiff, Mary A. Colomb, . . . ." Record Document 56, ¶ 2.

[8]In her Amended Complaint, Colomb asserted a state law malicious prosecution claim against both Grayson and Stutes. See Record Document 19, ¶ 16. The malicious prosecution claim is not alleged against Grayson in the Second Amended Complaint. See

previously, Colomb has abandoned her FTCA claims and the Court must assume that she is not pursuing a claim under the FTCA based on the Louisiana state tort of malicious prosecution. See Izen v. Catalina, 398 F.3d 363, 367 (5th Cir. 2005). Thus, the Court must examine whether she has plead enough facts to proceed with a malicious prosecution claim under Bivens.

Prior to the *en banc* decision of the Fifth Circuit in Castellano v. Fragozo, the elements of the state law tort of malicious prosecution and the elements of the constitutional tort of Fourth Amendment malicious prosecution were coextensive. See Gordy v. Burns, 294 F.3d 722, 725 (5th Cir. 2000). The Castellano court reasoned that malicious prosecution claim under [Bivens] based on the elements of state law tort lacks any constitutional underpinning:

> [W]e conclude that no such freestanding constitutional right to be free from malicious prosecution exists. This conclusion in turn means that we must insist on clarity in the identity of the constitutional violations asserted.

Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003).[9] Thus, plaintiffs in the Fifth Circuit may no longer allege a constitutional violation by simply pleading the state law elements of malicious prosecution. See Izen v. Catalina, 398 F.3d 363, 366-367 (5th Cir. 2005), citing Castellano, 352 F.3d at 942. Instead, a plaintiff such as Colomb must rest her claim upon a denial of rights secured under federal law, such as violation of the Fourth Amendment or due process rights. See Castellano, 352 F.3d 953-955. Further,

---

Record Document 56, ¶ 18.

[9]The Castellano court was faced with a claim brought pursuant to Section 1983. While the claims against Stutes invoke Bivens, the constitutional torts authorized by Section 1983 and Bivens are coextensive.

"the anchor of constitutional claims be visible" in Colomb's complaint. Id. at 960.

Here, the Court has reviewed Colomb's Second Amended Complaint and finds that she has asserted sufficient "visible" constitutional right violations to survive a Rule 12(b)(6) motion. Colomb generally alleged a deprivation "of her rights under the United States Constitution in a manner which is actionable under federal law." Record Document 56, ¶ 17. She specifically alleged a violation of her due process rights. See id., ¶ 19. The crux of her case is her contention that the defendants, including Stutes, fabricated a false drug case against her and tainted the grand jury and trial process with the use of fabricated witness testimony and falsified evidence. See id., ¶¶ 2-5. She also alleges witness manipulation. See id. If the Court assumes these allegations to be true, as required by the Rule 12(b)(6) standard, the violations of Colomb's right to a fair trial rose to the level of a due process violation. At this stage, Colomb has plead enough facts to state a claim to relief that is plausible on its face. See In re Katrina Canal Breaches Litigation, 495 F.3d at 205. Accordingly, the Motion to Dismiss is **denied** as to Colomb's malicious prosecution claim, or rather the constitutional tort of malicious prosecution, against Stutes.

### III.    CONCLUSION.

Based on the foregoing, the Court denies the Motion to Dismiss pursuant to Rule 12(b)(5) and 4(m). Colomb shall serve the United States Attorney for the Western District of Louisiana and the Attorney General of the United States no later than April 13, 2009. The Motion to Dismiss is moot as Grayson's and Stutes' argument that they are not subject to suit under Section 1983, as Colomb amended her complaint, without opposition, to reflect that she proceeding against Grayson and Stutes pursuant to

Bivens. The Motion to Dismiss is **granted** as to any claims asserted by Colomb pursuant to Sections 1985, Section 1986, and the FTCA. Finally, the Motion to Dismiss is **denied** as to Colomb's malicious prosecution claim, or rather the constitutional tort of malicious prosecution, against Stutes.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 24) filed by filed by two of the defendants, Brett Grayson and Jerry Stutes, be and is hereby **GRANTED IN PART AND DENIED IN PART**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of March 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE