UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARY ANN COLOMB | CIVIL ACTION NO. 07-2171 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRETT GRAYSON, ET AL. | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by two of the defendants, Brett Grayson ("Grayson") and Jerry Stutes ("Stutes"). Grayson and Stutes seek dismissal of the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, they seek dismissal on the grounds of absolute immunity for Defendant Grayson and qualified immunity for both Grayson and Stutes. The plaintiff, Mary Ann Colomb ("Colomb"), has opposed the Motion to Dismiss. The Motion to Dismiss will be held in abeyance pending the Plaintiff's filing of an amended complaint as required by Shultea v Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995).[1]

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and

---

[1] While Shultea speaks of a reply, the same purposes are achieved through an amended complaint.

money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). After a defendant asserts the qualified immunity defense, a district court may order the plaintiff to submit a reply after evaluating the complaint under the ordinary pleading standard. Shultea v. Wood, 47 F.3d 1427, 1433-34 (5th Cir. 1995). "[A] plaintiff cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and not peculiarly within the knowledge of defendants." Id. at 1432. Indeed, the Fifth Circuit has stated that a District Court abuses its discretion when it does not require that such a reply be filed where "greater detail might assist." Id. At 1434; see also Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

Here, the Plaintiff has not pled her allegations against the Defendants with sufficient particularity to allow for a judgment regarding qualified immunity. While it appears to the Court that the determination of absolute immunity could be made on the present pleadings, it will defer its rulings to allow the Plaintiff to amend her complaint as to all. This Court instructs her to submit an amended complaint detailing (1) which specific Constitutional rights were violated and the specific facts which show those violations and (2) whether those rights were clearly established at the time of the alleged misconduct. Plaintiff should plead her best case. The amended complaint should be submitted no more than twenty-one days after the date of this Judgment.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of January, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE