UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARY ANN COLOMB                                          CIVIL ACTION NO. 07-2171

VERSUS                                                              JUDGE S. MAURICE HICKS, JR.

BRETT GRAYSON, ET AL.                                    MAGISTRATE JUDGE HILL

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 103) filed by Defendant Jerry Stutes ("Stutes"), a Drug Enforcement Administration Task Force Agent. Stutes seeks dismissal of Plaintiff Mary Ann Colomb's ("Colomb") Bivens action on the ground that her claims against him are prescribed. Colomb opposed the Motion to Dismiss. See Record Document 105. For the reasons which follow, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

**I.     BACKGROUND.**[1]

In April 2004, a federal grand jury indicted Colomb with conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute, establishment of manufacturing operations, and possession of a firearm in furtherance of a drug trafficking crime. See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 531 at 1-2). In March 2006, Colomb was convicted of conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute, and establishment of manufacturing operations. See id. at

---

[1] A detailed recitation of the factual and procedural background of this case can be found in two previous Memorandum Rulings issued by this Court. See Record Documents 69 and 87. The complete background sections of those rulings are hereby incorporated by reference. See id.

5; Record Document 19, ¶ 4.

On August 31, 2006, Judge Melancon granted Colomb's motion for new trial. See id. (Record Document 531). The Government did not retry Colomb and the charges against Colomb were dismissed with prejudice. See id. (Record Document 558). Colomb filed the instant lawsuit on December 16, 2007. See Record Document 1.

Colomb's allegations pertinent to the instant motion are that her arrest and conviction were obtained by use of manufactured evidence and perjured testimony. She alleges that these actions are attributable to Stutes, as she contends he was directly involved in the manufacturing of evidence and perjured testimony.

The parties agree that there are three remaining claims against Stutes: (1) an alleged violation of Colomb's Fourth Amendment right to be free from unreasonable searches and seizures; (2) an alleged violation of Colomb's Fifth Amendment rights to due process of law and a fair and unbiased grand jury; and (3) an alleged violation of Colomb's Sixth Amendment right to effective assistance of counsel. See Record Document 103-1 at 3; see also Record Document 105 at 2 ("[T]hree of Plaintiff's claims against Defendant Jerry Stutes remain to be litigated."). Stutes contends that these claims are prescribed because Colomb had knowledge of the alleged actions which gave rise to the claims more than year before she filed suit on December 16, 2007. Conversely, Colomb argues that these claims are not prescribed because her cause of action did not arise until the affirmative conclusion of her criminal case.

## II.   LAW AND ANALYSIS.

### A.   Rule 12 (b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."[2] While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

### B.   Statute of Limitations Applicable to a Bivens Action.

The statute of limitations for a Bivens action is borrowed from state law. See

---

[2]Stutes argues that Colomb's complaint fails to state a claim upon which relief can be granted in that the claims set forth against him arose more than one year prior to the filing of the complaint and are, therefore, prescribed.

Alford v. U.S., 693 F.2d 498, 499 (5th Cir.1982). Louisiana tort law provides a one-year prescriptive period. See Gaspard v. U.S., 713 F.2d 1097, 1102 n. 11 (5th Cir.1983). Federal law, however, determines when a Bivens cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir.1980). "A cause of action accrues, under federal law, when the plaintiff knows or has reason to know of the injury which is the basis of the action." Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir.1999). Such knowledge encompasses both "(1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." Id. Actual knowledge is not necessary, though, for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir.1995).

### C. Deferred Accrual.

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), a state prisoner filed suit under Section 1983 alleging claims which, if taken as true, would have rendered his outstanding criminal conviction invalid. The Supreme Court analogized his suit to one for malicious prosecution, an element of which is the favorable termination of criminal proceedings. See id. at 484, 114 S.Ct. at 2364. Specifically, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983.

Id., 512 U.S. at 486-487, 114 S.Ct. at 2372. Heck likewise established that a Section

1983 claim implicating the validity of a conviction or sentence does not accrue until the conviction or sentence has been overturned.[3]

In Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091 (2007), the Supreme Court held that the plaintiff's Section 1983 Fourth Amendment challenge to a warrantless arrest accrued when legal process issued. The Wallace court relied heavily upon the common law's distinction between false arrest/imprisonment and malicious prosecution:

> False arrest and false imprisonment overlap; the former is a species of the latter. . . . Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself.

Id. at 388-390, 127 S.Ct. at 1095-1096 (internal citations and quotations omitted).

The Wallace Court specifically rejected the plaintiff's argument under Heck that his Section 1983 claim could not accrue until the state dropped the criminal charges against him. See id. at 393, 127 S.Ct. at 1097-1098. The Supreme Court clarified that "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has no been . . . invalidated," that is to say, an 'outstanding criminal judgment.'" Id., 127 S.Ct. at 1097-1098. Thus, on the date that Wallace was held pursuant to legal process, there was no criminal conviction that the Section 1983

---

[3] See Stephenson v. Reno, 28 F.3d 26, 27 (stating that the Heck holding applies equally to an action brought under Bivens).

cause of action could impugn.  See id., 127 S.Ct. at 1098.   Moreover, the Supreme Court clearly held that the Heck doctrine does not extend to possible future convictions. See id., 127 S.Ct. at 1098.

### D. Colomb's Claims Against Stutes.

Stutes argues that Colomb's remaining claims are time barred because her complaint was filed "more than one year after [she] suspected that the affidavit in support of the search warrant contained falsified statements and more than one year after [she] knew of the government's 'investigatory tactics' regarding inmate witnesses." Record Document 103-1 at 6.  Colomb contends that the claims asserted in her complaint are timely pursuant to the deferred accrual rule set forth in Heck.  See Record Document 105 at 6-7.

**Colomb's Fourth Amendment Claim**

Colomb's has alleged a violation of the Fourth Amendment right to be free from unreasonable searches and seizures.  See Record Document 84 at ¶¶ 131-134.  This claim relates to the alleged falsification of a warrant to search Colomb's home.  See id. at ¶¶ 12-28.  As a result of this search, drugs and guns were seized from Colomb's home.  See id. at ¶ 27-28.  Colomb also alleged that she was falsely arrested after the execution of the search warrant and the seizure of the drugs and guns.  See Caver v. State of Ala., 577 F.2d 1188, 1194 (5th Cir. 1978) ("[A]n arrest is a seizure within the meaning of the [F]ourth [A]mendment.").  The record in Colomb's criminal case indicates that an arrest warrant was issued on May 15, 2002.  See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 9).  The warrant was executed, and

Colomb was arrested, on May 21, 2002. See id. (Record Document 15). Colomb appeared before a Magistrate Judge on May 22, 2002 and was released on an unsecured bond. See id. (Record Documents 19 and 20). All of these events occurred prior to Colomb's trial and conviction.[4]

Colomb's Fourth Amendment claims, as compared to her Fifth and Sixth Amendment claims discussed below, relate to facts and events that occurred prior to her appearance before the Magistrate Judge on May 22, 2002. These claims are more analogous to a false arrest/imprisonment claim, not a malicious prosecution claim. See Wallace, 549 U.S. at 388-390, 127 S.Ct. at 1095-1096; see also Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) ("If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under . . . Due Process . . . for malicious prosecution.").

Colomb's Fourth Amendment claims actually mirror those alleged in Wallace. In Wallace, the Supreme Court specifically held that the statute of limitations upon a "claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. 384, 127 S.Ct. 1091,

---

[4]In Castellano v. Fragozo, 352 F.3d 939, 959 (5th Cir. 2003), the Fifth Circuit held that the Fourth Amendment generally protects only *pretrial* government action.

1100.[5] The Heck deferred accrual rule simply does not apply because at the time Colomb was held pursuant to legal process, there was no criminal conviction that a Bivens cause of action would impugn. See id. at 393, 127 S.Ct. at 1098. The same rationale applies to claims relating to an alleged illegal search, as the statute of limitations began to run at the time of the search. See Perez v. Sifel, 57 F.3d 503, 505 (7th Cir. 1995) (claim for unlawful arrest or search accrues at time of arrest or search). Accordingly, the latest date upon which the statute of limitations accrued on Colomb's Fourth Amendment claims is sometime in May 2002, the date she appeared before a Magistrate Judge and was released on an unsecured bond. Colomb did not file her complaint until 2007, well beyond the one-year prescriptive period and the Motion to Dismiss is **GRANTED** as to Colomb's Fourth Amendment claims.

**Colomb's Fifth and Sixth Amendment Claims**

On August 31, 2006, Colomb's motion for new trial was granted. See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Documents 531-532). On December 14, 2006, the United States Attorney's Office notified the presiding judge that it had elected not to proceed with a re-trial of Colomb. See id. (Record Documents 558-559). On December 15, 2006, the charges against Colomb contained in the second superceding indictment of June 9, 2004 were dismissed with prejudice. See id. (Record

---

[5]In Mapes v. Bishop, 541 F.3d 582, 584 (5th Cir. 2008), the Fifth Circuit stated:

> To the extent that Wallace conflicts with our decision in Brandley v. Keeshan, 64 F.3d 196 (5th Cir.1995) (holding that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), Wallace abrogates Brandley.

Document 558).

Colomb's Fifth and Sixth Amendment claims relate to facts and events that occurred after the institution of legal process. These claims are analogous to a malicious prosecution claim, an element of which is the favorable termination of criminal proceedings. Because the statute of limitations does not start running before the elements of a claim are satisfied, the statute of limitations for Colomb's Fifth and Sixth Amendment claims cannot start until she achieved a favorable termination of the original criminal action. Colomb argues that favorable termination occurred on December 15, 2006, the date on which the charges against her were dismissed with prejudice. Conversely, Stutes contends that favorable termination triggering the Heck deferred accrual rule occurred on August 31, 2006, the date Colomb's motion for new trial was granted.[6]

The Court looks to Izen v. Catalina, 256 F.3d 324 (5th Cir. 2001), for guidance on this issue. In Izen, the Fifth Circuit stated that "in instances where the criminal defendant's charges were dismissed without a quid pro quo arrangement, . . . the prosecution terminated in their favor." Id. at 328. In Izen's case, the court held that his underlying prosecution had terminated in his favor because the charges against him were dropped and the government moved to dismiss the case without any concession or agreement, such as a plea agreement, on his part. See id.; see also Brandley v.

---

[6]Stutes once again argues that Colomb's position is untenable and contrary to the Supreme Court's decision in Wallace. See Record Document 108 at 2. However, in Wallace, the Supreme Court specifically limited its "grant of certiorari to the Fourth-Amendment false-arrest claim." Wallace, 549 U.S. at 387 n. 2, 127 S.Ct. at 1094 n. 2. Based on the specific limitation, Wallace appears to be inapplicable to Colomb's Fifth and Sixth Amendment claims, which are more analogous to a malicious prosecution claim.

Keeshan, 64 F.3d 196, 199 (5th Cir.1995) ("[A]n order of dismissal based on the affirmative decision not to prosecute" is an example of a favorable termination.). Here, Colomb's criminal prosecution was terminated in her favor on December 15, 2006, when the charges against her were dismissed.[7] Therefore, Colomb's Bivens claim against Stutes did not accrue until that time.

Colomb did not file suit on Saturday, December 15, 2007. Rather, she filed suit on Sunday, December 16, 2007. While Stutes has not challenged this one day delay, the Court notes that such delay was permissible. Federal Rule of Civil Procedure 6(a) provides:

> The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
>
> . . .
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

F.R.C.P. 6(a). Likewise, Louisiana Code of Civil Procedure 5059 provides, in pertinent part:

> In computing a period of time allowed or prescribed by law or by order of court, the date of the act, event, or default after which the period begins to run is not to be included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday.

---

[7]"Favorable termination" did not occur on the date the motion for new trial was granted, as Colomb was still charged under an active indictment at the time.

La. C.C.P. Art. 5059. Louisiana Revised States 1:55 declares that Saturdays and Sundays are considered legal holidays for purposes of computation of time under Article 5059. See also Wiley v. Wiley, 459 So.2d 105 (La.App. 2nd Cir.1984).

Based on these rules, Colomb's complaint was timely because she filed it before the end of the day on Monday, December 17, 2007. Accordingly, the Motion to Dismiss is **DENIED** as to Colomb's Fifth and Sixth Amendment claims.

### III. CONCLUSION.

Based on the foregoing analysis, the Court finds that Colomb's Fourth Amendment claims are time barred. Conversely, her Fifth and Sixth Amendment claims did not accrue until the favorable termination of the underlying criminal proceedings and were timely filed. The Motion to Dismiss is, therefore, **GRANTED** as to the Fourth Amendment claims and **DENIED** as to the Fifth and Sixth Amendment claims.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 31st day of January, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE