UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MARY ANN COLOMB                                    CIVIL ACTION NO. 07-2171

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

BRETT GRAYSON, ET AL.                              MAGISTRATE JUDGE HILL

MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment Pursuant to Rule 56 and Motion to Dismiss Pursuant to Rule 12(b)(6) (Record Document 135) filed by Defendant Dale Thibodeaux ("Thibodeaux").   Thibodeaux filed the motion in his individual and official capacities as a former Acadia Parish Sheriff's Office Narcotics Task Force Detective.[1]  He seeks dismissal of all of Plaintiff Mary Ann Colomb's ("Colomb") claims against him on a variety of grounds.   Colomb opposed the motion.   See Record Document 139.  For the reasons which follow, the motion is **GRANTED** and all claims against Thibodeaux are **DISMISSED**.

I.    **BACKGROUND.**[2]

In April 2004, a federal grand jury indicted Colomb with conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute, establishment of manufacturing operations, and possession of a firearm in furtherance of a drug trafficking crime.  See U.S. v. Mary Ann Colomb, et al., United

_____

[1]Thibodeaux is a state actor; therefore, Colomb is pursuing her claims against him under 42 U.S.C. § 1983.

[2]A detailed recitation of the factual and procedural background of this case can be found in three previous Memorandum Rulings issued by this Court.   See Record Documents 69, 87, and 128.  The complete background sections of those rulings are hereby incorporated by reference.   See id.

States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 531 at 1-2).  In March 2006, Colomb was convicted of conspiracy to possess with intent to distribute cocaine base, possession of cocaine base with intent to distribute, and establishment of manufacturing operations.  See id. at 5; Record Document 19, ¶ 4.

On August 31, 2006, Judge Melancon granted Colomb's motion for new trial. See id. (Record Document 531).  The Government did not retry Colomb and the charges against Colomb were dismissed with prejudice.  See id. (Record Document 558).  Colomb filed the instant lawsuit on December 16, 2007.  See Record Document 1.

Colomb filed a Third Amended and Supplemental Complaint on February 17, 2010.  See Record Document 84.  She contends that the defendants knowingly and intentionally manufactured a false drug case against her and abused the judicial process by falsifying a search warrant to search her home; falsely arresting her; manipulating witnesses; and abusing the grand jury process.  See id. Specifically, Colomb alleges deprivation of her constitutional rights secured by the Fourth, Fifth, and Sixth Amendments.  See id.  She also makes federal conspiracy allegations and asserts a malicious prosecution claim under Louisiana law.  See id.

It is undisputed that a search warrant was executed at Colomb's home on October 22, 2001.  See Record Document 84 at ¶ 18.  Likewise, the parties agree that Thibodeaux was part of the law enforcement team that entered Colomb's residence pursuant to the search warrant.  See Record Document 135-2 at ¶ 1; Record Document 139-1.

In her Third Amended and Supplemental Complaint, Colomb alleges that Thibodeaux had knowledge of false information contained in the affidavit in support of the search warrant and had knowledge that the search violated the Fourth Amendment. See Record Document 84 at ¶¶ 23, 26.  She further alleges that Thibodeaux exercised control over a confidential informant, Mr. Steve Charlot, by threatening to send him to jail if he did not cooperate in the case against her.  See id. at ¶ 37.  She also contends that Thibodeaux knowingly and purposefully provided false testimony to the grand jury. See id. at ¶ 113.

Again, Thibodeaux has moved to dismiss all of Colomb's claims against him. See Record Document 135.  More specifically, he argues that Colomb's claims are prescribed, fail as a matter of law, and/or that he is entitled to qualified immunity.  See id.  In opposing Thibodeaux's motion, Colomb argues that "Thibodeaux had knowledge of false information contained in the affidavit in support of search warrant and the harassment and threats on the alleged confidential informant . . . to fabricate false statements . . . concerning alleged drug transaction."  Record Document 139 at 8-9. She further maintains that Thibodeaux had "first hand knowledge that Mr. Charlot never had any drug transaction with [her] and that the search warrants was facially invalid." Id. at 9.  Finally, Colomb contends that Thibodeaux intentionally withheld exculpatory evidence.  See id. at 9-10, 21.

## II.     LAW AND ANALYSIS.

### A.     Rule 12 (b)(6) and Rule 56 Standards.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by

a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).   A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  The Supreme Court recently expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.  See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009).

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]  Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the

---

[3]The Court notes that the newly amended Rule 56 requires that there be "no genuine dispute as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).  The amendment was not a substantive change to the summary judgment standard and is essentially a distinction without difference.

nonmoving party." <u>See id.</u>  "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir.2004).  Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted.  <u>See Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir.2005).

### B.    Fourth Amendment Claims.

Thibodeaux argues that Colomb's Fourth Amendment claims for unlawful search, unlawful seizure, and false arrest are prescribed.  Thus, the Court must determine the statute of limitations applicable to Colomb's Section 1983 action and also address deferred accrual under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994), as Colomb argues that her Fourth Amendment claims are not prescribed under <u>Heck</u>.

"Section 1983 does not contain a statute of limitations, so the law of the forum court applies."  <u>Cruz v. Louisiana ex rel. Dept. of Public Safety and Corrections</u>, 528 F.3d 375, 378 (5th Cir. 2008).   Louisiana tort law provides a one-year prescriptive period.  <u>See Gaspard v. U.S.</u>, 713 F.2d 1097, 1102 n. 11 (5th Cir.1983).

The accrual date of a Section 1983 action is governed by federal law, which dictates that a Section 1983 claim accrues when a plaintiff knows or has reason to know

Page 5 of  15

of the injury which is the basis of the action.  See  Lavellee v. Listi, 611 F.2d 1129, 1130–1131 (5th Cir.1980).  Generally, for false arrest and false imprisonment type claims, the limitations period begins to accrue when the plaintiff is held pursuant to legal process, such as when the plaintiff is bound over by a magistrate or arraigned on charges.  See Wallace v. Kato, 549 U.S. 384, 389–390 (2007).[4]

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), a state prisoner filed suit under Section 1983 alleging claims which, if taken as true, would have rendered his outstanding criminal conviction invalid.  The Supreme Court analogized the prisoner's suit to one for malicious prosecution, an element of which is the favorable termination of criminal proceedings.  See id. at 484, 114 S.Ct. at 2364.  Specifically, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [Section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [Section] 1983.

---

[4]The Wallace Court held that the plaintiff's Section 1983 Fourth Amendment challenge to a warrantless arrest accrued when legal process issued.  See Wallace, 549 U.S. at 388-390, 127 S.Ct. at 1095-1096.  The Court specifically rejected the plaintiff's argument under Heck that his Section 1983 claim could not accrue until the state dropped the criminal charges against him.  See id. at 393, 127 S.Ct. at 1097-1098.  The Supreme Court clarified that "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" Id., 127 S.Ct. at 1097-1098.  Thus, on the date that Wallace was held pursuant to legal process, there was no criminal conviction that the Section 1983 cause of action could impugn.  See id., 127 S.Ct. at 1098.  Moreover, the Supreme Court clearly held that the Heck doctrine does not extend to possible future convictions.  See id., 127 S.Ct. at 1098.

Id., 512 U.S. at 486-487, 114 S.Ct. at 2372.  Heck likewise established that a Section 1983 claim implicating the validity of a conviction or sentence does not accrue until the conviction or sentence has been overturned.

The Fourth Amendment claims in this case relate to the alleged falsification of a warrant to search Colomb's home, the seizure of drugs and guns from Colomb's home, and Colomb's alleged false arrest.  The record in Colomb's criminal case indicates that an arrest warrant was issued on May 15, 2002.  See U.S. v. Mary Ann Colomb, et al., United States District Court, Western District of Louisiana (Lafayette), Criminal Action No. 02-60015 (Record Document 9).  The warrant was executed, and Colomb was arrested, on May 21, 2002.  See id. (Record Document 15).  Colomb appeared before a Magistrate Judge on May 22, 2002 and was released on an unsecured bond.  See id. (Record Documents 19 and 20).  All of these events occurred prior to Colomb's trial and conviction.[5]

All of Colomb's Fourth Amendment claims relate to facts and events that occurred prior to her appearance before the Magistrate Judge on May 22, 2002.  These claims are more analogous to false arrest and false imprisonment claims, not the malicious prosecution claim addressed in Heck.  See generally Wallace, 549 U.S. at 388-390, 127 S.Ct. at 1095-1096; see also Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008) ("If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has

_____

[5]In Castellano v. Fragozo, 352 F.3d 939, 959 (5th Cir. 2003), the Fifth Circuit held that the Fourth Amendment generally protects only *pretrial* government action.

a claim under . . . Due Process . . . for malicious prosecution.").

Colomb's Fourth Amendment claims actually mirror those asserted in <u>Wallace</u>, wherein the Supreme Court specifically held that the statute of limitations upon a "claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." <u>Wallace</u>, 549 U.S. 384, 127 S.Ct. 1091, 1100.[6]  The <u>Heck</u> deferred accrual rule simply does not apply to the Fourth Amendment claims in this case because at the time Colomb was held pursuant to legal process, there was no criminal conviction that a Section 1983 cause of action would impugn. <u>See id.</u> at 393, 127 S.Ct. at 1098.  The same rationale applies to claims relating to an alleged illegal search, as the statute of limitations began to run at the time of the search. <u>See</u> <u>Perez v. Sifel</u>, 57 F.3d 503, 505 (7th Cir. 1995) (claim for unlawful arrest or search accrues at time of arrest or search).  Accordingly, the latest date upon which the statute of limitations accrued on Colomb's Fourth Amendment claims is sometime in May 2002, the date she appeared before a Magistrate Judge and was released on an unsecured bond.   Colomb did not file her complaint until 2007, well beyond the one-year prescriptive period.   Thus, Thibodeaux's motion is **GRANTED** as to Colomb's Fourth

---

[6]In <u>Mapes v. Bishop</u>, 541 F.3d 582, 584 (5th Cir. 2008), the Fifth Circuit stated:

> To the extent that <u>Wallace</u> conflicts with our decision in <u>Brandley v. Keeshan</u>, 64 F.3d 196 (5th Cir.1995) (holding that a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), <u>Wallace</u> abrogates <u>Brandley</u>.

Amendment claims.[7]

C.    **Fifth Amendment Claims.**[8]

In the Third Amended and Supplemental Complaint, Colomb alleged a violation of her Fifth Amendment right to a fair and unbiased grand jury.  See Record Document 84 at ¶¶ 108-116.  More specifically, she contends that Thibodeaux knowingly and purposefully provided false testimony about her to the grand jury.  See id. at ¶ 113.

The Due Process Clause of the Fifth Amendment forbids the government from knowingly using, or failing to correct, false testimony.  See U.S. v. Mason, 293 F.3d 826, 828 (5th Cir. 2002), citing Giglio v. U.S., 405 U.S. 150, 153, 92 S.Ct. 763 (1972).  The Fifth Amendment also guarantees that a grand jury which presents or indicts will be fair and unbiased.  See U.S. v. Dionisio, 410 U.S. 1, 16-17, 93 S.Ct. 764 (1973).

It is unclear under which theory Colomb is pursuing her claim that Thibodeaux's alleged false testimony resulted in an unfair and biased grand jury.  Such lack of clarity was compounded by the fact that Colomb made only scant reference to the Fifth Amendment in her opposition brief.  If Colomb is pursuing her claim that the grand jury was unfair and biased under the Due Process Clause of the Fifth Amendment, then her claim fails because the Due Process Clause of the Fifth Amendment applies only to

---

[7]The Court reached the same result in relation to Colomb's Fourth Amendment claims against Defendant Jerry Stutes.  See Record Document 128 and 129.

[8]Colomb also alleged a violation of her Fifth Amendment right to due process of law.  See Record Document 84 at ¶¶ 102-107.  However, these allegations involve Defendants Brett Grayson and Jerry Stutes, not Thibodeaux.  Additionally, it appears that such a Fifth Amendment due process claim would fail against Thibodeaux, who is a state actor.  See Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000) ("Jones's Fifth Amendment claim of a denial of his right to due process must also fail. The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.").

violations of constitutional rights by the United States or a federal actor, not a state actor such as Thibodeaux.  See Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000).[9]  Her claim also fails under the Grand Jury Clause of the Fifth Amendment in light of the summary judgment standard.

Thibodeaux has presented competent summary judgment evidence in the form of his affidavit, which provides, in pertinent part:

> That Appearer did not testify before any State or Federal Grand Jury as plaintiff alleged in Paragraph 113 of her Third Amended and Supplemental Complaint.

Record Document 135-3 (Affidavit of Dale Thibodeaux) at 3.  While Colomb alleges in the Third Amended and Supplemental Complaint that Thibodeaux testified falsely before the grand jury, she has not gone beyond this mere allegation and simply can not designate specific facts showing that there is a genuine dispute for trial on this issue.  See Gen. Universal Sys., Inc., 379 F.3d at 141.  Additionally, in the Statement of Uncontested Facts, Thibodeaux stated that he "did not testify before any State of Federal Grand Jury as to plaintiff."  Record Document 135-2 at ¶ 11.  Colomb failed to contest this fact in her Statement of Material Facts and it is deemed admitted.  See Record Document 139-1; see Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458

---

[9]In her opposition brief, Colomb stated:

> Defendant, Thibodeaux, should have also known . . . that withholding exculpatory evidence from the entity in charge of determining probable cause, be it the judge or Grand Jury, was a violation of Mrs. Colomb's fundamental rights including Fifth Amendment due process rights.

Record Document 139 at 20-21.  This statement leads the Court to believe that Colomb is pursuing her unfair and biased grand jury claim under the Due Process Clause of the Fifth Amendment.

(5th Cir. 1998).   Therefore, Thibodeaux's motion is **GRANTED** as to Colomb's Fifth

Amendment claims.

      **D.**      **Sixth Amendment Claims.**

      Colomb has alleged violations of her Sixth Amendment rights to effective

assistance of counsel and a fair trial.   Thibodeaux argues that Colomb has failed to

articulate facts against him to support a claim under the Sixth Amendment.   See Record

Document 135-1 at 5.   The Court agrees and notes that Colomb makes no Sixth

Amendment allegations against Thibodeaux in the Third Amended and Supplemental

Complaint.   See Record Document 84 at ¶¶ 91-101.   Rather, the allegations relating to

the Sixth Amendment implicate Defendants Brett Grayson[10] and Jerry Stutes.   See id.

Colomb fails to even reference Thibodeaux in the Third Amended and Supplemental

Complaint in relation to her Sixth Amendment claims.

      In opposing the instant motion, Colomb states:

> In the instant matter, plainly, defendant cannot state that plaintiff failed to
> state a claim upon which relief can be granted under the Sixth
> Amendment for Unreasonable Search and Seizure and other committed
> acts causally connected to the alleged violation because he was
> personally involved in the search of plaintiff's residence, knew the
> invalidity of the search warrant and personally spoke with the alleged
> codefendant.

Record Document 139 at 17.   Even if the Court were to assume that arguments made in

an opposition brief could somehow amend or expand the factual allegations in the Third

---

[10]All claims against Defendant Brett Grayson have been dismissed.   See Record
Documents 87, 88.

Amended and Supplemental Complaint,[11] Colomb's Sixth Amendment claims fail because Sixth Amendment protections attach only when adversarial proceedings commence.  See Pederson v. City of Haltom City, No. 03-10941, 2004 WL 1777232 (5th Cir. Aug. 10, 2004); Burkett v. City of El Paso, 513 F.Supp.2d 800, 813 (W.D.Tex.2007).  Colomb alleges in her opposition that Thibodeaux violated her Sixth Amendment rights at the time of the search of her residence.  However, at this time, she was not charged with any crime and had not been arraigned.  Her Sixth Amendment protections had not yet attached.  Therefore, Colomb's purported Sixth Amendment claims against Thibodeaux lack merit and the motion is **GRANTED** as to any such claims.

   **E.    Conspiracy Claims.**

   Count VI of Colomb's Third Amended and Supplemental Complaint makes vague conspiracy allegations.  See Record Document 84 at ¶¶ 126-130.  It appears Colomb is asserting conspiracy claims pursuant to 42 U.S.C. §§ 1985 and 1986.  Thibodeaux argues that Colomb's conspiracy claims fail to state a claim upon which relief can be granted because she has failed to allege "that any asserted conspiracy was due to racial animus."  Record Document 135-1 at 9.

   "It is well-established in [the Fifth Circuit] that the only conspiracies actionable under [S]ection 1985(3) are those motivated by racial animus."  Deubert v. Gulf Federal Sav. Bank, 820 F.2d 754, 757 (5th Cir. 1987).  Additionally, Section 1986 applies only where there is a Section 1985 violation.  See Galloway v. State of La., 817 F.2d 1154, 1159 n. 2 (5th Cir. 1987).

_____

   [11]Any attempt by Colomb to rewrite or amend her complaint through her opposition brief is a procedure not permitted by the Federal Rules of Civil Procedure.

Here, in opposing the instant motion, Colomb did not respond to the contention that she failed to state a claim for relief under Sections 1985 and/or 1986.  Moreover, while her Third Amended and Supplemental Complaint reveals a conspiracy allegation, there is no averment that any such conspiracy was motivated by racial animus.  In fact, there is no reference to Sections 1985 or 1986 in the Third Amended and Supplemental Complaint.   Accordingly, the Thibodeaux's motion is **GRANTED** as to any claims asserted by Colomb pursuant to 42 U.S.C. §§ 1985 and 1986.

### F.     State Law Malicious Prosecution Claim.

In his motion, Thibodeaux addresses state law claims of negligence, false arrest, and malicious prosecution.  <u>See</u> Record Document 135-1 at 16-19.  However, a review of Colomb's Third Amended and Supplemental Complaint reveals that she asserts only a state law malicious prosecution claim against Thibodeaux.  <u>See</u> Record Document 84 at ¶¶ 117-125.  Thus, the Court will only address malicious prosecution under Louisiana law.

"Malicious prosecution is the wrongful institution or continuation of a criminal or civil proceeding."  <u>Murray v. Town of Mansura</u>, 2006-355 (La.App. 3 Cir. Sept. 27, 2006), 940 So.2d 832, 839.   "Actions for malicious prosecution have never been favored, and hence, in order to sustain them, a clear case must be established."  <u>Kelly v. West Cash & Carry Bldg. Materials Store</u>, 1999-0102 (La.App. 4 Cir. 10/20/99), 745 So.2d 743, 761.   The elements of a malicious prosecution claim are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding, (2) its legal causation by the present defendant against the plaintiff who was defendant in the original proceeding, (3) a bona fide termination in favor of the present plaintiff, (4) the

absence of probable cause for such proceeding, (5) the presence of malice therein, and (6) damage."  Id.

As part of her state law malicious prosecution claim, Colomb alleges that Thibodeaux "knew or should have known that the criminal charges against [her] were the product of corruption and manufactured false evidence."  Record Document 84 at ¶ 118.  She further contends that Thibodeaux "caused an original complaint to issue against [her]" and that he "knew or should have known that probable cause for the original criminal complaint against [her] did not exist."  Id. at ¶¶ 119-120.

Thibodeaux seeks dismissal of Colomb's state law malicious prosecution claim on the following grounds:

> Defendant/mover herein has already shown the existence of probable cause to be a fact established.  Therefore, because the absence of probable cause is absolutely necessary to sustain a claim for malicious prosecution in Louisiana, any claim plaintiff may have for malicious prosecution under state law must be dismissed as a matter of law.

Record Document 135-1 at 19.  Thibodeaux argues that a determination of probable cause has been made because a grand jury "indictment establishes probable cause to arrest."  State v. Huff, 392 So.2d 1046, 1049 (La. 1980).  The Court agrees.

It is well settled under Louisiana law that "the plaintiff in a malicious prosecution case must show there was no probable cause for his arrest."  Murray, 940 So.2d at 839. Here, the indictment by a federal grand jury establishes probable cause to arrest Colomb.  See Huff, 392 So.2d at 1049; see also  Campbell v. City of San Antonio, 43 F.3d 973, 976 (5th Cir. 1995) ("She has also conceded that the warrant was based on a grand jury indictment, which itself establishes probable cause."); Casanova v. City of Brookshire, 119 F.Supp.2d 639, 652 (S.D.Tex. 2000) ("The return of an indictment

against a defendant establishes probable cause as a matter of law."). Therefore, Thibodeaux's motion is likewise **GRANTED** as to Colomb's state law malicious prosecution claim.[12]

## III.   CONCLUSION.

Based on the foregoing analysis, the Court finds that Colomb's Fourth Amendment claims against Thibodeaux are prescribed and her Fifth and Sixth Amendment claims against Thibodeaux fail as a matter of law.  Colomb's conspiracy claims against Thibodeaux lack merit, as she failed to allege that any purported conspiracy was motivated by racial animus.  Finally, her state law malicious prosecution claim against Thibodeaux fails because the indictment by a federal grand jury establishes probable cause to arrest.  Accordingly, Thibodeaux's motion is **GRANTED** and all of Colomb's claims against Thibodeaux are **DISMISSED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of September, 2012.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[12]The Court further notes that Colomb failed to address Thibodeaux's probable cause argument in her opposition to the instant motion.  In fact, she failed to even reference her state law malicious prosecution claim in her opposition brief.